UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY A. KILGORE, SR., | No. 2:14-cv-2890 MCE CKD P |
| Plaintiff, | |
| v. | ORDER |
| VACAVILLE POLICE DEPARTMENT, | |
| Defendant. | |

Plaintiff is a county jail inmate proceeding pro se. Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915. This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. §636(b)(1).

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. §1915(a). Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action. 28 U.S.C. §§1914(a), 1915(b)(1). By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court. Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's jail trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in plaintiff's account

1  exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

2  The court is required to screen complaints brought by prisoners seeking relief against a
3  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The
4  court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
5  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
6  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

7  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.
8  Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th
9  Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
10 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
11 490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
12 pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
13 Cir. 1989); Franklin, 745 F.2d at 1227.

14 Here, plaintiff alleges that on January 7, 2014, a Vacaville police officer held him at
15 gunpoint in the parking lot of a Motel 6 after plaintiff refused to answer questions.  The officer
16 then allegedly pushed him to the ground, jumped on his back, and twisted his left arm, breaking it
17 at the elbow area.  Meanwhile another police officer allegedly pushed plaintiff's head to the
18 ground by placing his boot on plaintiff's neck.  (ECF No. 1 at 3-4.)

19 The Civil Rights Act under which this action was filed provides:

20 > Every person who, under color of [state law] ... subjects, or causes
> to be subjected, any citizen of the United States ... to the
21 > deprivation of any rights, privileges, or immunities secured by the
> Constitution ... shall be liable to the party injured in an action at
22 > law, suit in equity, or other proper proceeding for redress.

23 42 U.S.C. § 1983.

24 Plaintiff names the Vacaville Police Department as the sole defendant in this action.
25 "Municipalities and other local government units ... [are] among those persons to whom § 1983
26 applies."  Monell v. Dept. of Soc. Servs., 436 U.S. at 690.  However, a municipal entity or its
27 departments is liable under § 1983 only if plaintiff shows that his constitutional injury was caused
28 by employees acting pursuant to the municipality's policy or custom.  See Villegas v. Gilroy

1 Garlic Festival Association, 541 F.3d 950, 964 (9th Cir. 2008) (citing Monell, 436 U.S. at 690–

2 94).  "[A]n act performed pursuant to a 'custom' that has not been formally approved by an

3 appropriate decisionmaker may fairly subject a municipality to liability on the theory that the

4 relevant practice is so widespread as to have the force of law."  Board of County Comm'rs. of

5 Bryan County v. Brown, 520 U.S. 397, 404 (1997).  Plaintiff has not alleged that any employee of

6 the Vacaville Police Department acted pursuant to a policy or custom that violates his federal

7 constitutional rights.

8     For these reasons, plaintiff's complaint must be dismissed.  The court will grant plaintiff

9 one opportunity to file an amended complaint.

10     If plaintiff chooses to amend the complaint, plaintiff must demonstrate how the conditions

11 complained of have resulted in a deprivation of plaintiff's constitutional rights.  See Ellis v.

12 Cassidy, 625 F.2d 227 (9th Cir. 1980).  Also, the complaint must allege in specific terms how

13 each named defendant is involved.  There can be no liability under 42 U.S.C. § 1983 unless there

14 is some affirmative link or connection between a defendant's actions and the claimed deprivation.

15 Rizzo v. Goode, 423 U.S. 362 (1976); May v. Enomoto, 633 F.2d 164, 167 (9th Cir. 1980);

16 Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).  Furthermore, vague and conclusory

17 allegations of official participation in civil rights violations are not sufficient.  Ivey v. Board of

18 Regents, 673 F.2d 266, 268 (9th Cir. 1982).

19     In addition, plaintiff is informed that the court cannot refer to a prior pleading in order to

20 make plaintiff's amended complaint complete.  Local Rule 220 requires that an amended

21 complaint be complete in itself without reference to any prior pleading.  This is because, as a

22 general rule, an amended complaint supersedes the original complaint.  See Loux v. Rhay, 375

23 F.2d 55, 57 (9th Cir. 1967).  Once plaintiff files an amended complaint, the original pleading no

24 longer serves any function in the case.  Therefore, in an amended complaint, as in an original

25 complaint, each claim and the involvement of each defendant must be sufficiently alleged.

26     In accordance with the above, IT IS HEREBY ORDERED that:

27     1.  Plaintiff's request for leave to proceed in forma pauperis (ECF No. 2) is granted.

28     2.  Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action.  All fees

shall be collected and paid in accordance with this court's order to the Sheriff of Solano County, filed concurrently herewith.

     3. Plaintiff's complaint is dismissed.

     4. Plaintiff is granted thirty days from the date of service of this order to file an amended complaint that complies with the requirements of the Civil Rights Act, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "Amended Complaint"; plaintiff must file an original and two copies of the amended complaint; failure to file an amended complaint in accordance with this order will result in a recommendation that this action be dismissed.

Dated: January 26, 2015

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / kilg2890.14.new